UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| C.P.<br>    *Plaintiff*,<br><br> VS.<br><br>Town of North Smithfield School Department,<br>by and through its Finance Director,<br>Anthony St. Onge; and Timothy McGee,<br>Individually and in his official capacity as<br>Principal of North Smithfield High School;<br>and Steven Boss, Individually and in his official<br>capacity as Vice Principal of North Smithfield<br>High School<br>    *Defendants*. | C.A. NO.: 1:24-CV-00204 |

**Memorandum of Law in Support of Motion to Proceed Pseudonymously**

Plaintiff, C.P., has filed a motion pursuant to LR Cv 102, for an order permitting her to proceed pseudonymously in the matter before the Court. She submitted this Memorandum of Law in support of her motion.

**Facts**

C.P. has filed the lawsuit pending before this Court because she was sexually assaulted as a fourteen-year-old student at North Smithfield High School ("the School"). After being sexually assaulted, she was subjected to persistent bullying by her peers and offered no support from administrators or teachers at the School, with some members of the faculty even engaging with students in her mockery and refusing to associate with C.P. as a result of her decision to report the assault.

As a result, C.P. was forced to withdraw from the School and complete her high school education in a different school. She now seeks redress for the significant personal injuries, including deprivation of education opportunities and requiring treatment for mental health

1

conditions arising out of the injuries inflicted upon her by Defendants.

## Argument

The nature of C.P.'s claims – sexual assault and bullying – and the resultant injuries – educational challenges and mental health struggles – are intensely personal and private. As such, C.P. should be permitted to proceed in this matter under a pseudonym to minimize the risk of further trauma from pursuing justice for the suffering she already has experienced as a result of the conduct of the Defendants.

"'The decision [as to whether a party may sue anonymously] requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 73, n. 3 (D.R.I. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981). This Court has permitted plaintiffs to use pseudonyms in cases relating to sexual assaults in school settings, both to protect the identity of an alleged assault victim and to protect the identify of a plaintiff challenging discipline imposed upon him because of being accused of assault. *See e.g. Doe v. Rhode Island Sch. of Design*, 516 F. Supp. 3d 188, 190 (D.R.I. 2021) (Allowing a case to proceed with plaintiff using "a pseudonym used to protect the identity of a rape victim"); *Doe v. Johnson & Wales Univ.*, 425 F. Supp. 3d 108, 108 (D.R.I. 2019) (noting that the plaintiff was "granted permission to pursue this lawsuit under the pseudonym" where he challenged school disciplinary action stemming from sexual assault allegations against him); *Doe v. Brown Univ.*, 327 F. Supp. 3d 397, 404 (D.R.I. 2018) (permitting the plaintiff to sue under a pseudonym because of the "highly personal nature of the allegations," which related to his contention that he was wrongfully accused of sexual assault).

C.P.'s right to privacy is particularly compelling in this case because, although she now

is an adult in the eyes of the law, she was a child when the facts and circumstances giving rise to her complaint occurred.

> A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved. The most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity. That the plaintiff may suffer some embarrassment or economic harm is not enough. There must be a strong social interest in concealing the identity of the plaintiff.

*Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. at 74.   C.P. has a substantial privacy interest in proceeding anonymously.  The nature of her allegations is highly sensitive, and her claims, in part, arise out of the social stigmatization that she already has experienced for being sexually assaulted and reporting the assault.  Further bullying and harassment for pursuing legal recourse for the injuries she has suffered would exacerbate the precise "injury litigated."

## Conclusion

Therefore, based upon the foregoing, C.P. requests that this Court order that she may proceed under a pseudonym to pursue her case against the Defendants.

        Plaintiff,
        By her attorneys,

/s/ Mary Welsh McBurney
Joshua E. Carlin, Esq. (#6192)
Mary Welsh McBurney, Esq. (#7673)
HANSON CURRAN LLP
One Turks Head Place, Suite 550
Providence, RI 02903
Telephone: (401) 421-2154
Fax: (401) 521-7040
Email:  jec@hansoncurran.com
Email: mwm@hansoncurran.com